IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**RHONDALE L. BARKER, et al.**                                                           **PLAINTIFFS**

**VS.**                                                                  **CIVIL ACTION NO. 2:07cv48-KS-MTP**

**KINDER MORGAN SOUTHEAST
TERMINALS, LLC, et al.**                                                                **DEFENDANTS**

## ORDER ON MOTION TO COMPEL

This matter is before the court on the Motion to Compel [28] filed by the plaintiffs seeking the production of certain documents withheld by defendant Kinder Morgan Southeast Terminals, LLC on grounds of the work product doctrine and/or because such documents were otherwise non-responsive, as set forth in the Third Revised Privilege Log prepared by defendant. The court having considered the motion, the response thereto, the rebuttal, the arguments of counsel and the applicable law, as well as having conducted an *in camera* inspection of the documents at issue finds that the motion should be granted in part and denied in part.

This matter involves the discharge of defendant's gasoline and/or petroleum products onto the property of the plaintiffs on or about February 3, 2006. Following the discharge, defendant conducted an investigation, which generated documents related to the cause, clean-up, remediation, and other business activities associated with the discharge. Defendant claims that many of these documents are protected by the work product doctrine and/or are otherwise non-responsive to the discovery requests propounded by the plaintiffs.[1]

---

[1] The Third Revised Privilege Log also contains documents, KMST-00565, 00604, 00605, 00644-646, and 00652-653, withheld on the basis of the attorney-client privilege. At the telephonic hearing conducted on November 30, 2007, the plaintiffs informed the court that they no longer challenge the privileged nature of such documents. Accordingly, they are not

1

The documents submitted to the court were described in detail and by document number on the Third Revised Privilege Log [29-4, Ex. I] filed by defendant, which the court finds adequate pursuant to Local Rule 26.1(A)(1)(c).  For ease of reference, the court will refer to the individual records at issue by document number.

The party asserting the privilege bears the burden of proving that the information requested is privileged.  *See In re Sante Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).  Moreover, the work product doctrine does not apply to documents prepared in the ordinary course of business.  *See U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).  In order for a document to be protected by the work product doctrine, "litigation need not necessarily be imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation."  *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981); *see also Kaiser Aluminum and Chem. Co. v. U.S. Dep't of Labor*, 214 F.3d 586, 593 (5th Cir. 2000) (holding that the district court correctly followed Fifth Circuit precedent in applying the "primary purpose" test to determine whether the work product privilege applied); *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 488 (N.D. Miss. 2006) (stating that the Fifth Circuit applies the "primary motivating purpose" test set forth in *Davis* to determine whether a document is protected by the work product doctrine).

In accordance with Fifth Circuit precedent, the court applied the "primary motivating purpose" test to determine whether the withheld documents are protected by the work product doctrine, regardless of what date is chosen as the date the defendant "anticipated litigation."

---

addressed here.

However, many of the documents produced for *in camera* review, regardless of the date they were prepared, were prepared in the ordinary course of business, and would have been prepared whether litigation was anticipated or not. The vast majority of these records relate to the response to the spill, the clean-up efforts, the preparation of regulatory responses and reports, and numerous other activities whose primary purpose was business in nature and not necessarily in anticipation of litigation. Accordingly, such documents are not protected and should be produced. *See U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

IT IS, THEREFORE, ORDERED as follows:

1. That the defendant is ordered to produce the following documents on or before December 21, 2007, as the court finds that they are not protected by the work product doctrine: the Taproot Investigation Report; KMST-00514 - 564; KMST-00566 - 583; KMST-00586 - 589; KMST-00591 - 593; KMST-00595 - 603; KMST-00606-608; KMST-00613 - 622; KMST-00624; KMST-00626 - 639; and KMST-00648 - 649.

2. The remaining numbered documents identified on the Third Revised Privilege Log are protected by the work product doctrine and need not be produced. In addition, the Root Cause Analysis Report need not be produced.

SO ORDERED AND ADJUDGED this the 6th day of December, 2007.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge